FAVORS, APPELLEE, *v.* FAVORS, APPELLANT.

(No. 2621—Decided July 18, 1961.)

*Mr. Herbert M. Jacobson,* for appellee.
*Mr. Marshall J. Massie,* for appellant.

CRAWFORD, P. J.  This appeal on questions of law is taken by the defendant husband, appellant herein, from an order granting to the plaintiff wife, appellee herein, as permanent alimony the husband's interest in real estate jointly owned by the parties.

There are two assignments of error: (1) that "The award of alimony is not sustained by and is contrary to the manifest weight of evidence" and (2) that "The court erred in granting permanent alimony to the plaintiff without notice to defendant."

The record reveals the following proceeding:  Plaintiff having filed her petition for divorce, custody of the five children of the parties, support for them, and alimony both temporary and permanent, defendant filed an answer which was later withdrawn.  The matter was heard as a noncontested case.  On July 24, 1958, the court granted to the plaintiff a final decree of divorce and custody of the five minor children, ordered a weekly amount for their support, and vested in plaintiff title to the household furniture then in her possession.  The entry concluded, "and further the court shall take under further considerations and does reserve its decision for permanent alimony for the benefit of the plaintiff herein."  This entry was signed by counsel for both parties and approved by the court.

On November 4, 1960, the entry from which this appeal is taken was filed.  It was approved by the court and signed by the attorney for the plaintiff only.  It recited the fact that the prior entry "stated that the court would take under further consideration and reserve its decision for permanent alimony for the benefit of plaintiff herein" and awarded to the plaintiff for permanent alimony the defendant's interest in the premises jointly owned.

Defendant complains that he was not notified of any hearing for modification of the original order and that no hearing was held or evidence taken upon which a modification could be based.

It would seem clear from the facts recited above that this order of November 4, 1960, was not in any sense a modification of the entry of July 24, 1958, or of any former order, but that it was an original determination and order for permanent alimony, made in accordance with the court's reservation of that question in the divorce decree for further consideration.  Hence,

there was no need for further notice to the defendant nor for the presentation of evidence, provided the evidence at the trial was such as to support the award.

Defendant emphasizes the long delay between the decree of July 24, 1958, and the awarding of permanent alimony on November 4, 1960. It is apparently contended that this interval suggests the need and probable hearing of further evidence, without notice to defendant. The record wholly fails to show the presentation of any additional evidence without opportunity to the defendant to be heard.

We are not informed of the reason for this considerable delay. It is to be observed, however, that a schedule of payments was set up in the entry of July 24, 1958, which required that out of the weekly amounts ordered for support the sum of $10 per week be paid to defendant's counsel until a total of $500 should be paid; and that on July 2, 1959, the court found the defendant in contempt for failure to comply with this order for support and thereupon ordered him to pay in addition to a reduced current weekly amount the sum of $3 per week until a total arrearage of $324.40 was paid.

The court, having reserved the question of permanent alimony, was under no duty to notify either party that the question was about to be decided. The order made on November 4, 1960, was not a modification of any previous order. The court was not required to hold any further hearing or to take any additional testimony.

We find no merit in the first assignment of error.

The testimony on the original trial indicated that all five children, then ranging in age from ten to four years, were living with plaintiff in the premises jointly owned by the parties, that plaintiff was employed and keeping up the payments on the mortgage, and that she had been partially employed during the marriage. There was also evidence that the original purchase price of the property was $3,200; that the present fair market value was $5,000; and that the amount of the balance then owing on the mortgage was $2,328.72.

A reasonable discretion is vested in the trial court to make an award of alimony. 18 Ohio Jurisprudence (2d), 27, Divorce and Separation, Section 101. In the present circumstances the award made appears reasonable and adequately supported by the evidence.

The second assignment of error is not well made. The judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

KERNS, J., concurs.
SHERER, J., not participating.